HARRIS, J.,
delivered the opinion of the Court.
This action of trespass on the case was brought by the plaintiff in the Circuit Court of Knox county, where, under the charge of the Court, a verdict was found for the defendant. A rule was entered for a new trial, which was discharged by the Court, and the plaintiff has appealed in error to this Court.
The first count in the declaration sets out that the plaintiff regularly sued out an attachment against one William 0. Snider, an absconding debtor ; that said writ was placed in the hands of the defendant, who was then sheriff of Knox county, to be levied upon the goods and chattels of said Snider; . that defendant did levy said attachment on a portion of the property of said Snider, but not of value sufficient to satisfy plaintiff’s demand and costs; and that he “failed and refused to levy” on divers other goods, wares, merchandise, and effects of said Snider, then in the county of Knox, upon which he might have levied, more than sufficient to have paid said debt and costs.
*579 The second count charges that Snider had sufficient property in the county of Knox to have satisfied said debt and costs, upon which, by proper diligence, the defendant might have levied, which he failed and neglected to do.
The third count charges that defendant levied said attachment on certain property of said Snider, (which is specifically set out in said count,) of the value of one hundred and twenty-five dollars, and that defendant suffered said Snider to replevy the same upon his giving his replevin bond with one Charles Anderson as security thereon; and that said Anderson at the time was not good and sufficient security for said property, but then was, and ever since has been, wholly insolvent; that plaintiff recovered a judgment in the Circuit Court of Knox county in her suit against Snider for the sum of $207 86 with costs, which has been wholly lost to her by this negligence of the defendant.
The pleas were “not guilty,” and the statute of limitations of three years.
The proof shows that upon the back of said attachment was the following endorsement: “ Levied this attachment upon one flatboat, worth $45; one safe or bureau, worth $5; about 120 bushels of potatoes, worth $60; six sacks of flour, worth $15.”
This property was only worth, according to the estimate placed upon it by the defendant himself, the sum of $125, and the debt in the attachment amounted, at the time' the judgment was recovered, to the sum of $207 86, besides the costs; and by the writ he was commanded to levy upon property sufficient to satisfy this demand. He does not return that there was no more .property of the
*580 defendant in the attachment in his county upon which he could have levied. From the proof in this record, he could not have made such a return; for it clearly establishes that at that time he had at least $200 worth of property in his boat, consisting of saddles, merchandise, and household furniture, upon which no levy was made at all. And upon these facts the jury found the issue upon this question in favor of the defendant, and his Honor the Circuit Judge refused to set the verdict aside. We are utterly unable to find any evidence in this entire record upon which this verdict can be sustained.
. ^The evidence is full that there was other property sufficient to have satisfied the demand, upon which he could have levied, but this he neglected and failed to do. The proof submitted to the jury on the issue taken on the third count is that Anderson, the only security taken on the replevin bond, resided in Hawkins county, and that he was notoriously insolvent; that he was known to but few persons in Knoxville, where the levy was made, none of whom professed to know his pecuniary circumstances; and that he was at the time passing down the river in company with Snider in the character of steersman of his boat. Upon these facts this issue was also found for the defendant. And • the question is, was this such diligence as the law requires at the hands of a public officer ? We do not assume that the law makes the officer who takes security in such cases the guarantor of the solvency of the security, but we do hold that the law requires an officer to use strict diligence, and to exercise that degree of judgment, discretion, and caution which the business demands. See Sewell on Sheriffs, 457; 3 Stark., 176; 2 Greenl. on Ev., § 586; 3 Stark, on Ev., 1351-2.
*581 The exercise of liberality and generous confidence by a public officer may reflect credit upon the kind impulses of his nature, hut the policy of the law is that he cannot exercise a mistaken charity at the expense of others: should he do so, he does it at his own peril. Although a different rule controls the action of this Court, yet it has always held that where there was a decided preponderance of proof against the verdict, it was the duty of the Circuit Judge to set the verdict aside, and grant a new trial. And we think that this should have been done in the case before us, as there is no evidence to support the verdict on the first issue. The judgment of the Circuit Court will therefore be reversed, and the ^mse remanded for another trial.